[Cite as *State v. Vasquez*, 2011-Ohio-1319.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO | : | JUDGES: |  |
|  | : | William B. Hoffman, P.J. |  |
|  | : | Julie A. Edwards, J. |  |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |  |
|  | : |  |  |
| -vs- | : | Case No. 10-COA-022 |  |
|  | : |  |  |
|  | : |  |  |
| JOSEPH VASQUEZ | : | O P I N I O N |  |
|  |  |  |  |
| Defendant-Appellant |  |  |  |

CHARACTER OF PROCEEDING:        Criminal Appeal from Ashland County
                                                           Court of Common Pleas Case No.
                                                           10-CRI-004

JUDGMENT:                                        Affirmed

DATE OF JUDGMENT ENTRY:         March 18, 2011

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

RAMONA ROGERS                         DOUGLAS A. MILHOAN
Ashland County Prosecutor            P.O. Box 347
307 Orange Tree Square              Middlebranch, Ohio  44805
Ashland, Ohio  44805

PAUL T. LANGE
Assistant Prosecuting Attorney
307 Orange Street
Ashland, Ohio  44805

*Edwards, J.*

{¶1}   Defendant-appellant Joseph Vasquez appeals his sentence from the Ashland County Court of Common Pleas on three counts of theft. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   In December of 2009, appellant opened up a business account at the Farmers Savings Bank[1] in Ashland, Ohio.  He then deposited into the account a forged check from a checking account from Key Bank that had been closed since May of 2008. Appellant received a large sum of money for the check and asked that the remainder of the check be deposited into the business account.  Appellant deposited two more checks into the account at Farmers Savings Bank from this Key Bank account and received large amounts of cash for each check.  In late December of 2009, Farmers Savings Bank employees discovered that the Key Bank account was not a valid account and contacted appellant to notify him that there was an issue with his account. Appellant never returned to Farmers Savings Bank.

{¶3}   On February 1, 2010, the Ashland County Grand Jury indicted appellant on three counts of  theft in violation of R.C. 2913.02(A)(3), felonies of the fifth degree, and two counts of forgery in violation of R.C. 3913.31(A)(3), also felonies of the fifth degree. At his arraignment on February 2, 2010, appellant entered a plea of not guilty to the charges contained in the indictment.

{¶4}   On April 19, 2010, appellant withdrew his former not guilty plea and pleaded guilty to three counts of theft. The remaining counts were dismissed upon appellee's motion. As memorialized in a Judgment Entry filed on June 9, 2010,

---

[1] Farmers Savings Bank is also referred to as Farmers & Savings throughout the record.

appellant was sentenced to an aggregate sentence of ten (10) months in prison. Appellant also was ordered to pay restitution in the amount of $3,833.42 to Farmers Savings Bank.

{¶5} Appellant now raises the following assignment of error on appeal:

{¶6} "THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."

I

{¶7} Appellant, in his sole assignment of error, argues that his sentence imposes an unnecessary burden on state resources in contravention of R.C. 2929.13(A). We disagree.

{¶8} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows in pertinent part:

{¶9} "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources."

{¶10} As we noted in *State v. Ferenbaugh,* Ashland App. No. 03COA038, 2004-Ohio-977 at paragraph 7, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an 'unnecessary burden' is." Moreover, in *State v. Shull,* Ashland App. No. 2008-COA-036, 2009-Ohio-3105, this Court reviewed a similar claim. We found that, although

burdens on State resources may be a relevant sentencing criteria as set forth in R.C. 2929.13, state law does not require trial courts to elevate resource conservation above seriousness and recidivism factors, *Shull,* at paragraph 22, citing *State v. Ober* (October 10, 1997), Greene App. No. 97CA0019, 1997 WL 624811.

{¶11} Appellant argues that imposition of a sentence on him imposes an unnecessary burden on state resources because he accepted responsibility for his actions by pleading guilty, he expressed remorse and a desire to make restitution to the victims and because he has completed community control in the past and paid his restitution in full.

{¶12} Appellant has a previous felony conviction out of Cuyahoga County. Appellant, in such case, was originally placed on community control, but according to his counsel, was slow to make restitution and a community control violation was filed against him. Appellant did finally make full restitution in the Cuyahoga County case. Appellant, at the time he committed the offenses in the case sub judice, was under the supervision of two other courts.

{¶13} The trial court, in sentencing appellant, stated, in relevant part, as follows:

{¶14} "You sent me a letter that said a lot of things have happened to you while you have been incarcerated. You've been taking the time to think about all these things, and you said, I deeply regret and is (sic) very remorseful for this situation I put myself into due to the lack of understanding of the banking system.

{¶15} "Mr. Vasquez, I don't believe that for one second. When I look at your history I look at things you've been doing with checks over the years in terms of your - - just criminal convictions, I'm not talking about uncharged conduct, just with regard to

your criminal convictions. You are very familiar with checks, and you are very familiar with how banks work, and that's precisely how you came to commit this offense because you knew what you could get away with in terms of using checks at different facilities and committing this sort of criminal behavior.

{¶16} "You've been on supervision before. Your performance on supervision has been unsatisfactory, at least in my view, whether or not you successfully completed it. You had violations. You didn't comply. You didn't do the things you were supposed to do. You were on supervision with two other courts at the time you committed this offense. That shows a complete disregard for the authority of any Court when you go out and commit further offenses when you're on probation, especially felony offense." Transcript at 21-22

{¶17} Based on the foregoing, we find that the trial court's imposition of a prison sentence on appellant did not impose an unnecessary burden on state resources.

{¶18} Appellant's sole assignment of error is, therefore, overruled.

{¶19} Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/d0113

[Cite as *State v. Vasquez*, 2011-Ohio-1319.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOSEPH VASQUEZ | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-COA-022 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES